UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ISMAEL VARGAS PRECIADO,

        Plaintiff,

v.                                 CIVIL ACTION NO.: 07-11921
                                   Honorable Patrick J. Duggan

ELIAS J. ESCOBEDO, JR.,

        Defendant.
_____/

## **ORDER OF DISMISSAL**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on July 16, 2007.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

### **I. Introduction**

In a *pro se* complaint filed May 2, 2007, Plaintiff Ismael Vargas Preciado alleges that he is a federal inmate currently confined at the Wayne County Jail in Detroit, Michigan. He seeks $5,000,000 in damages. Defendant, Elias J. Escobedo, Jr., is an attorney with offices in Waterford, Michigan.

In his complaint, Plaintiff alleges that he was arrested by a border patrol agent in Port Huron, Michigan on August 26, 2005. Plaintiff was accused of unlawful entry into the United States following deportation. Defendant was appointed to represent Plaintiff in federal court, where Plaintiff allegedly pleaded guilty to the charge and was sentenced

to six months in prison.

Plaintiff claims that his right not to be placed in double jeopardy was violated because he was charged with the same crime in two federal cases. He states that Defendant conspired to obstruct justice and did not pay attention to the duplicate charges. Plaintiff further alleges that Defendant falsified legal documents, discriminated against him, and provided ineffective assistance of counsel.

## II. Discussion

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Pursuant to 28 U.S.C. § 1915, this Court must dismiss Plaintiff's lawsuit if the Court determines that the action is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A complaint fails to state a claim on which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff's complaint is frivolous and fails to state a claim because his success in this action would demonstrate the invalidity of his arrest, prosecution, and/or incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 499 & n. 14, 93 S. Ct. 1827, 1841 & n. 14 (1973) The proper remedy for making a constitutional challenge to the fact or

2

length of confinement is a habeas petition or, in the case of a federal conviction, a motion to vacate sentence. *Id*. Moreover, a prisoner has no right to money damages where success would necessarily imply the invalidity of his conviction or sentence. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1247-48 (2005) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S. Ct. 2364, 2372 (1994).[1]

Furthermore, to the extent Plaintiff alleges that Defendant violated his civil rights, he must prove *inter alia* that Defendant acted under color of law. *Block v. RIbar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)). The only defendant Plaintiff names in his complaint is his defense attorney. Defense attorneys do not act under color of law, even when appointed by the court. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968); *see Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (explaining that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). Thus, Plaintiff's allegations against Defendant fail to satisfy an essential element of a civil rights action.

### III. Conclusion

Plaintiff's Complaint lacks an arguable basis in law. The Court therefore holds

---

[1]Although *Heck* dealt with a state prisoner's civil rights complaint under 42 U.S.C. § 1983, *Heck* also applies when the complaint arises from actions leading to the initiation of a federal prosecution. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 n.4 (6th Cir. 1999), *abrogated on other grounds by Wallace v. Kato*, __ U.S. __, 127 S. Ct. 1091 (2007).

that it must be **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court further holds that an appeal from this order would be frivolous also and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

    **SO ORDERED**.

                        s/PATRICK J. DUGGAN
                        UNITED STATES DISTRICT JUDGE

Copy to:
Ismael Vargas Preciado, #39886-039
Wayne County Jail
570 Clinton Street
Detroit, MI 48226